**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT YOHO,** | ) | **CASE NO.1:14CV2498** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **SALES CONCEPTS, INC.,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Plaintiff Robert Yoho's Motion to Remand (ECF # 5).  For the following reasons, the Court grants Plaintiff's Motion.

### Background

On October 14, 2014, Plaintiff Robert J. Yoho ("Yoho") filed his Complaint against Defendant Sales Concepts, Inc. (Sales") in Cuyahoga County Court of Common Pleas.  The Complaint alleges state law claims for Fraud, Fraudulent Inducement, Unjust Enrichment, Indemnification and Declaratory Judgment arising from Yoho's allegations that Sales improperly withheld contributions to a Simple IRA established by Sales for the benefit of employees.

On November 13, 2014, Sales removed the case to this Court, contending all Yoho's state law claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq. ("ERISA") and therefore, removal is permitted. Yoho's Motion for Remand contends none of his state law claims are preempted and remand is appropriate.

**<u>Factual Allegations</u>**

According to his Complaint, Yoho alleges that on July 16, 2007, he entered into a Sales Representation Agreement with Sales to become an independent contractor. Sales established a Simple Individual Retirement Account ("IRA") for Yoho wherein Sales would match up to a certain percentage the contributions made by Yoho to the IRA. Sales was also responsible for remitting Yoho's and Sales' contributions to the IRA. Keith Strauss, President of Sales, was responsible for remitting these contributions to the IRA. From July 2008 through September 2013, Keith Strauss made the required contributions. In July/August of 2009, Plaintiff met with a representative of River Financial, a third party company that handled the IRA's for Sales Concept employees. The River representative informed Yoho that Yoho's IRA was not performing as well due to Yoho ceasing his contributions. Yoho alleges he did not cease his contributions. Yoho confronted Strauss who admitted he had not made the contributions due to cash flow issues but Strauss assured Yoho the missing contributions would be accounted for and remitted to the IRA. Yoho relied on Strauss's representations in continuing his relationship with Sales.

In September 2013, Yoho discovered the promised delinquent contributions were never remitted. When he again confronted Strauss, Strauss made further assurances the delinquent contributions would be made. In reliance on the representations by Strauss, Yoho

became an employee of Sales.  In May of 2014, Yoho resigned his employment due to Sales' late compensation payments and failure to remit IRA contributions.

Yoho alleges Sales' failure to remit contributions to his IRA from 2008-2013 constitutes Fraud under Ohio law.  He further alleges he was fraudulently induced into entering into an employment agreement with Sales when Strauss represented Yoho's delinquent contributions would be paid.  By improperly retaining these benefits to which Yoho was entitled, Yoho contends Sales was unjustly enriched.  Yoho also seeks indemnification for any liabilities, penalties, fines and assessments he may be subjected to due to Sales' improper withholding.  Lastly, Yoho seeks a declaratory judgment that he is not bound by certain non-compete and non-solicitation restrictions contained in his 2007 Agreements, Employment Agreement and Succession Agreement as void due to lack of consideration.

## LAW AND ANALYSIS

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D. Ky.1990).  Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.2008).  The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994).  "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil &*

3

*Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction."  *Walsh v. Am. Airlines, Inc*., 264 F.Supp. 514, 515 (E.D.Ky.1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir.1930).  A defendant may remove a civil action if the federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The "well-pleaded complaint" rule requires a court to look to the "face of the plaintiff's properly pleaded complaint" to determine whether it has original jurisdiction over a case.  *Id.*  However, an exception to the "well-pleaded complaint" rule is the "complete preemption" doctrine.  *Id.* at 399.  "[A]ny claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id.* at 393.

The Sixth Circuit has held there are two types of ERISA preemptions, complete preemption under § 1132(a) and express preemption under § 1144(a).  *Warner v. Ford Motor Co.,* 46 F.3d 531 (6th Cir.1995).  "Normally, the consequence of the former is that the suit containing those claims can be removed to federal court; a completely preempted state-law claim "arises under" federal law and thus vests the district court with federal-question jurisdiction.  By contrast, express preemption under § 1144 is a defense; it is grounds for dismissal, but not for removal."  *Loffredo v. Daimler AG* 500 Fed.Appx. 491, 500, 2012 WL 4351358, 8 (6th Cir. 2012) (internal citations omitted).  "... § 1144 preemption does not create

a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule.  As a consequence, no removal jurisdiction exists under § 1144." *C.C. Mid West, Inc. v. McDougall,* 990 F.Supp. 914, 918 (E.D.Mich.,1998) citing *Warner*, 46 F.3d at 534.

Defendant removed the case under ERISA Section 1144, contending that Plaintiff's claims, arising from Defendant's alleged diversion of contributions to his IRA, relate to an employee pension plan and are thus preempted.  Defendant's Notice of Removal only cites to § 1144 and does not cite to § 1132.   In its Memorandum in Opposition to Plaintiff's Motion to Remand, Defendant argues for preemption based on § 1144 because Plaintiff's state law claims "relate to" an employee benefit plan.  Because Sixth Circuit law is clear that § 1144 preemption does not confer federal jurisdiction, Defendant's removal based on §1144 was improper and the Court lacks jurisdiction over the case.  Warner, 46 F.3d 534.

Even if Defendant had removed the action under § 1132 preemption, Defendant bears the burden of demonstrating federal jurisdiction.  Neither party touches on the fact that for a Plaintiff to bring an action under § 1132,  Plaintiff must either be a participant, beneficiary, Secretary or a fiduciary as defined under the ACT.   Here, based on the allegations, Plaintiff could only be either a participant or a beneficiary.  Defendant did not remove the case under §1132, but even if it did, it would have to demonstrate Plaintiff is a participant or a beneficiary.   29 U.S.C. § 1132 reads in pertinent part:

(a) Persons empowered to bring a civil action

A civil action may be brought--

(1) by a participant or beneficiary--

(A) for the relief provided for in subsection (c) of this section, or

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Furthermore, "participant" and "beneficiary" are defined as:

(7) The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or who beneficiaries may be eligible to receive any such benefit.

(8) The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

Plaintiff's Complaint expressly alleges Plaintiff was an independent contractor during the period when Defendant failed to remit contributions to Plaintiff's IRA. Plaintiff's independent contractor status is further laid out in his Sales Representation Agreement: "Effective as of the date hereof SCI appoints Representative to act as a sales representative to function solely as an independent contractor..." (Sales Representation Agreement Section 1). While independent contractors may be considered participants or beneficiaries under an ERISA plan, this involves an analysis under the common agency test. Defendant's Notice of Removal makes no reference to Plaintiff's employment status nor does it attempt to prove his status as a participant or beneficiary. "Only if a party fits within the definitions of the parties enumerated for particular remedies under ERISA is the party entitled to invoke these remedies." *C.C. Mid West, Inc.,* 990 F.Supp. at 922. In the absence of such argument or evidence, Plaintiff lacks standing to assert an ERISA claim under § 1132(a), therefore, Defendant has failed to show complete preemption. Because there is real doubt as to

6

jurisdiction, the Court must remand to Cuyahoga County Court of Common Pleas for further adjudication.

Therefore, for the foregoing reasons, the Court grants Plaintiff's Motion and Remands the case back to Cuyahoga County Court of Common Pleas for further adjudication.

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  September 25, 2015

7